IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN COOKS, JR., #063778, | § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 3:22-cv-02577-E (BT) |
| NAVARRO COUNTY JAIL, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Justin Cooks, Jr., a pretrial detainee at the Navarro County Jail in Corsicana, Texas, initiated this *pro se* civil rights action on November 15, 2022, by filing a short, handwritten document addressed "To Whom It May Concern." Compl. 1 (ECF No. 3). Cooks did not pay the required filing fee or seek leave to proceed *in forma pauperis*. Accordingly, the Court sent Cooks a Notice of Deficiency and Order (ECF No. 4), which ordered him (i) to file a complaint that complies with the requirements of Federal Rule of Civil Procedure 8(a) and on the court-approved form and (ii) to pay the filing fee or file a motion to proceed *in forma pauperis*. The Order further informed Cooks that failure to respond and cure the deficiencies by December 19, could result in a recommendation that his case be dismissed. Cooks has not filed any response, and he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's

1

November 17 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Rule 8(a) requires that a complaint set forth a short and plain statement of a claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). But in his complaint here, Cooks makes only conclusory statements accusing the Jail of violating his Sixth and Eighth Amendment rights, and he fails to state what relief he seeks from this lawsuit. The Court cannot screen these conclusory claims.

Cooks failed to comply with the Court's order to file a complaint in compliance with Rule 8(a) and on the court-approved form or to pay the

filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed, until Cooks cures these deficiencies.

Cooks has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Cooks' complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed December 22, 2022.

                                          REBECCA RUTHERFORD
                                          U.S. MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).